ALVERSON TAYLOR & SANDERS
KURT R. BONDS, ESQ.
Nevada Bar #6228
6605 Grand Montecito Parkway, Suite 200
Las Vegas, Nevada 89149
Telephone: (702) 384-7000
Facsimile: (702) 385-7000
efile@alversontaylor.com
*Attorney for Defendant*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN CHAMBERLAIN,<br><br>*Plaintiff,*<br><br>v.<br><br>NATIONAL CREDIT ADJUSTERS, LLC,<br><br>*Defendant.* | Case No. 2:22-cv-00430-JAD-BNW |

**DEFENDANT NATIONAL CREDIT ADJUSTERS, LLC'S MOTION FOR MORE DEFINITE STATEMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant National Credit Adjusters, LLC ("NCA") and files its Motion for More Definite Statement as follows:

**I.     INTRODUCTION**

KB/27670

1. Plaintiff Brian Chamberlain ("Plaintiff") filed his state court Complaint on February 8, 2022, in the Justice Court, Las Vegas Township, Clark County, Nevada located at 200 Lewis Ave, Las Vegas, NV 89101. NCA removed the case to this Court on March 8, 2022, on the basis of federal question jurisdiction. ***See Exhibit A.***

2. This is a civil action based on Plaintiff's contention that NCA increased the payment amount for a settlement arrangement that he agreed to in relation to the debt at issue. ***See Exhibit B***. Plaintiff further alleges that NCA reported an inaccurate tradeline on Plaintiff's credit report. *Id*. Actions such as these are usually based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), which regulates debt collection activity, and/or the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. (the "FCRA"), which governs credit reporting activities. Based on Plaintiff's alleged facts, Plaintiff's claims could plausibly fail under either or both statutory schemes. *Id*.

3. However, Plaintiff's Complaint does not put NCA on notice of what alleged violations NCA committed. *Id*. The Complaint does not specify what statutory provisions were violated, how NCA's alleged conduct violated any statutory provisions, or how Plaintiff has a right to relief based on his factual allegations. *Id*. In the case at bar, Plaintiff's Complaint is so vague and threadbare as to deny NCA an opportunity to fully defend itself in this matter. To this end, NCA requests that this Court grant its Motion for a More Definite Statement and require Plaintiff to file a Complaint which adequately places NCA on notice as to the nature of and underlying facts supporting Plaintiff's claims against NCA.

## II. ARGUMENTS AND AUTHORITIES

### A. Standard of Law

4. Federal Rule Civil of Procedure 12(e) allows a party to request a more definitive pleading when the current pleading is "so vague or ambiguous that the party cannot reasonably prepare a

response." Fed. R. Civ. P. 12(e). Accordingly, while Rule 8(a)(2) requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief", a party may file a motion for a more definite statement "'where the complaint is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself.'" Fed. R. Civ. P. 8(a)(2); *Bank of N.Y. Mellon v. Azure Estates Owners Ass'n*, 2019 U.S. Dist. LEXIS 237262, at *4 (D. Nev. July 23, 2019) (quoting *Blizzard Entm't, Inc. v. Lilith Games (Shanghai) Co.*, 149 F. Supp. 3d 1171 (N.D. Cal. 2015); *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999); *see also Tomassi v. Amcol Sys.*, Civil Action No. 14-CV-11077, 2014 U.S. Dist. LEXIS 93685, at *2 (E.D. Mich. July 10, 2014) (citing Fed. R. Civ. P. 12(e)); *Soumano v. Equifax Credit Info Ser., Inc.*, No. 1:16-CV-313, 2016 U.S. Dist. LEXIS 96919, 2016 WL 4007094, at *2 (S.D. Ohio July 25, 2016), report and recommendation adopted, No. 1:16-CV-313, 2016 U.S. Dist. LEXIS 112994, 2016 WL 4449637 (S.D. Ohio Aug. 24, 2016) (motions for a more definite statement should be granted when the plaintiff's pleading is "so vague or unintelligible that it is virtually impossible for the defendant to craft its responsive pleading."). Further, Rule 12(e) motions are also appropriate when a plaintiff has crafted a "shotgun pleading" making it difficult or "impossible to know which factual allegations in a pleading are intended to support which claims for legal relief." *Bostic v. Davis*, No. 15-CV-3029, 2017 U.S. Dist. LEXIS 28926, 2017 WL 784814, at *2 (S.D. Ohio Mar. 1, 2017).

  **B.** **The Vague And Ambiguous Nature Of Plaintiff's Complaint Renders It Virtually Impossible For Defendant To Create A Responsive Pleading.**

5. Plaintiff's Complaint alleges in its entirety the following: "I made a settlement with Charlotte Richardson and National Credit Adjusters for $280 and later found out via a phone call that the settlement arrangment [sic] was for $285. On my credit report they put the 280 as a payment." ***See Exhibit B***. This is the extent of the information provided to NCA regarding the claims alleged against it by Plaintiff.

6. While NCA believes that Plaintiff may be attempting to allege a claim under the FDCPA and/or the FCRA, based on the reference to his credit report, past litigation involving similar claims regarding credit reporting and the industry in which NCA operates, NCA is left entirely unsure what Plaintiff is alleging that NCA did wrong. Moreover, Plaintiff's Complaint does not allege any claims upon which relief can be granted.

7. For example, Plaintiff claims to have "made a settlement with . . . National Credit Adjusters for $280" but does not specify what exactly was settled. ***See Exhibit B***. Because proving the existence of a "debt" arising from consumer debt is a "threshold" issue in every FDCPA action, Plaintiff is required to identify the specific nature of the underlying financial obligation at issue. *Turner v. Cook*, 362 F.3d 1219, 1226-27 (9th Cir. 2004) (internal citation omitted). Further, Plaintiff also claims that NCA reported a $280 payment on his credit report, but does not identify what statutes or provisions NCA allegedly violated nor how NCA's credit reporting allegedly violated any of those statutes or provisions. *Id.*

8. While NCA recognizes that Plaintiff is proceeding *pro se*, and perhaps did not expect himself to be hauled into federal court on this matter, NCA is still entitled to know the factual allegations raised in order to effectively defend itself in this matter. NCA cannot do so without first being informed of what statutes or provisions it allegedly violated, and how it allegedly violated these statutes or provisions. Consequently, this Court should require Plaintiff to file a Complaint which adequately places NCA on notice as to the identity, nature, and underlying facts supporting his claims against NCA.

### III. CONCLUSION

9. For these reasons detailed above, this Court should grant NCA's Motion for a More Definite Statement and require Plaintiff to file a complaint that properly places NCA on notice of

the claims alleged against it and that factual basis of those claims. This is necessary so that NCA may properly evaluate Plaintiff's claims and fully defend itself in this matter.

WHEREFORE, PREMISES CONSIDERED, Defendant National Credit Adjusters, LLC, respectfully requests that this Court grant NCA's Motion for More Definite Statement and require Plaintiff to file a Complaint which resolves the vague and ambiguous nature of Plaintiff's Complaint, and should Plaintiff fail to do so, then dismiss this case with prejudice.

DATED this 14th day of March, 2022.

_____
ALVERSON TAYLOR & SANDERS
KURT R. BONDS, ESQ.
Nevada Bar#6228
6605 Grand Montecito Parkway, Suite 200
Las Vegas, Nevada, 89149
efile@alversontaylor.com
*Attorney for Defendant*

## ORDER

IT IS ORDERED that ECF No. 6 is GRANTED as unopposed. *See* LR 7-2(d).

IT IS FURTHER ORDERED that Plaintiff is ordered to file an amended complaint in this case that provides sufficient facts to put defendant on notice of what it has done to Plaintiff to violate his rights.

IT IS FURTHER ORDERED that Plaintiff's amended complaint is due by April 29, 2022. Failure to comply with this order may result in a recommendation that this case be dismissed.

IT IS FURTHER ORDERED that the Clerk of Court is kindly directed to add Plaintiff's address to the docket, as found at ECF No. 6 at 15.

IT IS SO ORDERED
DATED: 1:32 pm, April 01, 2022

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on March 15th, 2022, I electronically filed the foregoing with the Clerk of Court for the U.S. District Court, District of Nevada by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Those Participants who are not were sent via U.S. Postal Mail.

Brian Chamberlain
920 Sierra Vista Drive C47
Las Vegas, NV 89169

National Credit Adjusters
c/o Charlotte Richardson
327 West 4th Avenue
Hutchinson, KS 67501

*Leslie Reynolds*
_____
An Employee of ALVERSON
TAYLOR & SANDERS

ALVERSON TAYLOR & SANDERS
KURT R. BONDS, ESQ.
Nevada Bar #6228
6605 Grand Montecito Parkway, Suite 200
Las Vegas, Nevada 89149
Telephone: (702) 384-7000
Facsimile: (702) 385-7000
efile@alversontaylor.com
*Attorney for Defendant*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN CHAMBERLAIN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NATIONAL CREDIT ADJUSTERS, LLC,<br><br>　　　　Defendant. | Case No. 2:22-cv-00430-JAD-BNW |

### **AFFIDAVIT OF PATRICE STEPHENSON-JOHNSON, ESQ. IN SUPPORT OF DEFENDANT NATIONAL CREDIT ADJUSTORS MEET AND CONFER CERTIFCATION**

STATE OF NEVADA　　　)
　　　　　　　　　　　　) ss:
COUNTY OF CLARK　　　)

　　　PATRICE STEPHENSON-JOHNSON, ESQ. being first duly sworn, deposes and says:

　　　1.　　This Affidavit is being made in connection with Defendant's Motion for More Definite Statement Judgment pursuant to LR 16-1(d), and LR IA 1-3(f)(2).

　　　2.　　I am an attorney at Alverson Taylor & Sanders which is counsel of record for the Defendant in the above matter with personal knowledge of the things testified to in this affidavit.

1

KRB/27362

3. Plaintiff was contacted on March 16, 2022 telephonically in an attempt to meet and confer regarding the Defendant's Motion for More Definite Statement.

4. Plaintiff ended the call abruptly while an attempt was made to seek an amended complaint and to seek resolution.

5. The Parties were not able to reach a resolution of any issues discussed during the call.

6. Plaintiff stated that he does not need to have a more definite statement "because the court does not require it."

7. FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
PATRICE STEPHENSON-JOHNSON

SUBSCRIBED and SWORN to before me this 16th day of march, 2022.

_____
NOTARY PUBLIC



2

KRB/27362

# EXHIBIT A

# EXHIBIT A

Case 2:22-cv-00430-JAD-BNW   Document 8   Filed 04/01/22   Page 10 of 15

ALVERSON TAYLOR & SANDERS
KURT R. BONDS, ESQ.
Nevada Bar #6228
6605 Grand Montecito Parkway, Suite 200
Las Vegas, Nevada 89149
Telephone: (702) 384-7000
Facsimile: (702) 385-7000
efile@alversontaylor.com
*Attorney for Defendant*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN CHAMBERLAIN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NATIONAL CREDIT ADJUSTERS, LLC,<br><br>　　　　　Defendant. | Case No. 2:22-cv-000430-JAD-BNW |

## DEFENDANT NATIONAL CREDIT ADJUSTERS, LLC'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant NATIONAL CREDIT ADJUSTERS, LLC ("NCA") and files its *Notice of Removal* as follows:

1. Plaintiff BRIAN CHAMBERLAIN served NCA with his state-court Complaint on February 11, 2022 in the Justice Court, Las Vegas Township, Clark County, Nevada located at 200 Lewis Ave, Las Vegas, NV 89101.

2. This is a civil action based on Plaintiff's contention that NCA altered a settlement arrangement that he originally agreed to in relation to the debt at issue. Plaintiff further alleges that

1

KRB 27670

Case 2:22-cv-00430-JAD-BNW   Document 1   Filed 03/08/22   Page 2 of 8

1. NCA reported an inaccurate tradeline on Plaintiff's credit report.

3. The Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (the "FDCPA") governs the collection of consumer debts. The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA") governs the furnishing of information to credit reports.

4. The FCRA governs the conduct of furnishers of information, which Plaintiff has plausibly alleged NCA qualifies as. The FCRA also pre-empts state laws governing this conduct, stated that "[n]o requirement or prohibition may be imposed under the laws of any State — (1) with respect to any subject matter regulated under laws of any State — ... (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply [to certain Massachusetts and California statutes]." 15 U.S.C. § 1681t(b). Thus, the FCRA provides that if a furnisher of credit information furnishes information to a credit reporting agency and in so doing violates a state consumer protection statute, a claim under that state statute is preempted by the FCRA, which makes this case a federal question case *See Spartalian v. Citibank, N.A.*, 2013 U.S. Dist. LEXIS 20092, at *15 (D. Nev. Feb. 13, 2013); *see also Subhani v. JPMorgan Chase Bank, Nat. Ass'n*, 2012 U.S. Dist. LEXIS 76447, 2012 WL 1980416, at *5-6 (N.D. Cal June 1, 2012) (containing a thorough discussion of 9th Circuit FCRA preemption interpretation).

5. Therefore, removal is proper because this case involves a federal question—an alleged violation of the FDCPA and/or the FCRA. This entire suit is removable under 28 U.S.C. § 1441(a).

6. Venue is proper in this district under 28 U.S.C. 1441(a) because the state court where the suit has been pending is located in this district.

7. Removal is timely pursuant to 28 U.S.C. § 1441(b) because NCA has filed its Notice of Removal within 30 days of service of Plaintiff's state court Petition.

8. Pursuant to U.S.C. § 1441(a), a copy of all process, pleadings, documents, and orders in this

2

KRB 27670

1  case have been attached as Exhibit A.

2  9.   A copy of this Notice of Removal has been sent to Plaintiff and will be filed with the clerk of

3  the Justice Court, Las Vegas Township, Clark County, Nevada.

4

5  10.  Plaintiff did not request a jury trial in the state court matter.

6  WHEREFORE, PREMISES CONSIDERED, Defendant NATIONAL CREDIT

7  ADJUSTERS, LLC respectfully requests that this Court assume full jurisdiction over the proceeding

8  as provided by law.

9

10  DATED this 8th day of March 2022.

11  ALVERSON TAYLOR & SANDERS

12

13

14  KURT R. BONDS, ESQ.
    Nevada Bar #6228
15  6605 Grand Montecito Parkway, Suite 200
    Las Vegas, Nevada 89149
16  afile@alversontaylor.com
    *Attorney for Defendant*

3

KRB 27670

## CERTIFICATE OF SERVICE

I hereby certify that on March 8th, 2022, I electronically filed the foregoing with the Clerk of Court for the U.S. District Court, District of Nevada by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Those Participants who are not were sent via U.S. Postal Mail.

Brian Chamberlain
920 Sierra Vista Drive C47
Las Vegas, NV 89169

National Credit Adjusters
c/o Charlotte Richardson
327 West 4th Avenue
Hutchinson, KS 67501

*Leslie Reynolds*

An Employee of ALVERSON
TAYLOR & SANDERS

4

KRB 27670

# EXHIBIT B

# EXHIBIT B

Las Vegas Justice Court
Electronically Filed
2/8/2022 6:52 PM
Melissa Saragosa
CLERK OF THE COURT

| JUSTICE COURT, LAS VEGAS TOWNSHIP<br>Clark County, Nevada | Case No. _____ |
|---|---|
| Name and Address of Plaintiff(s):<br>Brian Chamberlain<br>920 Sierra Vista Drive  C 47<br>Las Vegas NV 89169 | Department No. _____<br><br>**SMALL CLAIMS<br>COMPLAINT** |
| Plaintiff(s)' Email Address: drbrian1165@gmail.com | |
| Plaintiff(s)' Telephone Number: 9032450205 | |
| **VERSUS** | |
| Name and Address of Defendant(s):<br>National Credit Adjusters<br>327 W 4th Ave<br>Charlotte Richardson<br>Hutchinson, KS 67501 | |
| Defendant(s)' Telephone Number: (888) 768-0674 | |

STATE OF NEVADA    )
COUNTY OF CLARK    )

I, (insert your name) **Brian Chamberlain**, being first duly sworn, depose and say: that the defendant is indebted to the plaintiff in the sum of $**840**; that the reason for this indebtedness is:

I made a settlement with Charlotte Richardson and National Credit Adjusters for $280 and later found out via a phone call that the settlement amount was for $323.  On my credit report they put the $323 as a payment _____

_____

_____

_____

_____

_____ ;

that the Justice Court of the Las Vegas Township, in the County of Clark, State of Nevada, is the proper venue for this action pursuant to NRS 73.010. I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Signature of Affiant ___[signature]___         Dated **2/9/2022**
Print Name **Brian Chamberlain**              Attorney for **Pro se**

## ORDER TO APPEAR

**NOTICE: YOU HAVE BEEN SUED. THE COURT MAY ENTER A JUDGMENT AGAINST YOU WITHOUT YOUR PRESENCE UNLESS YOU APPEAR AT THE TRIAL ON THE FOLLOWING DATE:**

TRIAL DATE: **05/23/22**     TRIAL TIME: **1:00 PM**     LOCATION: **1B**

Any evidence, including receipts, pictures, or documents that are necessary to prove your case MUST be emailed to SmallClaimsExhibits@clarkcountynv.gov no later than one (1) day prior to your trial. In the subject line, please include the case number and trial date. Any witnesses should appear with you at the time of trial. Those wishing to appear by alternate means should submit a request no later than two (2) judicial days prior to your trial.

© Civil Law Self-Help Center, Rev. 6/8/21

Case Number: 22A000192